# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Michael Isidoro Sanchez,

      Petitioner,

v.

Charles L Ryan, et al.,

      Respondents.

No. CV-17-00224-TUC-RM (DTF)

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner's Motion for Stay and Abeyance (Doc. 18). This Court determines that the request for a stay should be denied because there are no post-conviction relief proceedings pending in the Arizona state courts. Accordingly, this Court recommends that the District Court **deny** Petitioner's motion.

## BACKGROUND

On May 16, 2017, Petitioner, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Petition) (Doc. 1), a Memorandum and Affidavit In Support (Docs. 2, 3), a Motion for Stay (Doc. 4), a Motion for Appointment of Counsel (Doc. 5), and a Motion for Evidentiary Hearing (Doc 6). On August 7, 2017, the District Court dismissed Ground Three of the Petition and denied Petitioner's motions for the appointment of counsel and evidentiary hearing. (Doc. 12.) The District Court ordered Respondents to file a Response to Petitioner's Motion for Stay. *Id.*

On August 24, 2017, Respondents filed a response indicating that they do not oppose a stay. (Doc. 15.) In an Order dated September 11, 2017, District Judge Rosemary

Márquez granted Petitioner's motion for a stay pending resolution of Petitioner's petition for review in the Arizona Supreme Court, *Arizona v. Sanchez*, CR-17-0365-PR (Ariz.). (Doc. 16 at p. 2, ll. 12-14.) On October 11, 2017, Petitioner filed the instant motion for stay wherein Petitioner states:

> The new Rule 32 proceeding is now Petitioner['']s opportunity to allege and present IAC of his first PCR counsel.
>
> …
>
> Petitioner will present in his new Rule 32 IAC of first PCR counsel as an independent claim to the state courts so as to establish cause for a procedural default for all [g]rounds adversely affected by first PCR counsel['] ineffectiveness.
>
> …
>
> For the reasons mentioned above and because Petitioner['']s new Rule 32 proceedings have just begun and very likely will outlast his Rule 32.12 D.N.A. proceedings in state supreme court to which his habeas petition is currently stayed upon, Petitioner requests this Court for stay and abeyance on his habeas petition for a duration of three months after he has exhausted his state rem[e]idies in his new Rule 32 proceeding.

(Doc. 18 at pp. 3, 4-5.) On January 4, 2018, the Arizona Supreme denied Petitioner's petition for review in *Arizona v. Sanchez*, CR-17-0365-PR (Ariz.). On March 2, 2018, the Arizona Supreme Court issued its mandate.

## ANALYSIS

As grounds for his request for a stay, Petitioner states that "new Rule 32 proceedings have just begun." (Doc. 18 at p. 4.) Petitioner did not attach to his motion a copy of either the notice of post-conviction relief or the petition for post-conviction relief that Petitioner claims has "just begun" and that he believes will "very likely outlast his Rule 32.12 DNA proceeding" in the Arizona Supreme Court. This Court's review of relevant state court public records indicates that as of the date of this recommendation there are no post-conviction relief proceedings pending in either the Arizona Superior Court, Cochise County or in Division Two of the Arizona Court of Appeals.[1]

---

[1] *See* https://www.appeals2.az.gov/ODSPlus/caseInfo.cfm?caseID=128235 (last visited June 26, 2018); https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx?AspxAutoDetectCookieSupport=1 (last visited June 26, 2018).

Furthermore, Petitioner's "Rule 32.12 DNA proceeding" is no longer pending in the Arizona Supreme Court. In sum, this Court can find no basis upon which to recommend that the District Court grant Petitioner's second request for a stay.

This Court recommends that the District Court deny Petitioner's request for a stay. Since the Arizona Supreme Court has issued its mandate on its decision denying review of Petitioner's petition for review, this Court recommends that the District Court lift the stay and direct Respondent to file an answer.

## RECOMMENDATION

The Magistrate Judge recommends that the District Court deny Petitioner's Motion for Stay and Abeyance (Doc. 18). It is also recommended that the District Court lift the stay that is currently in place and order the Respondent to file an answer to the Petition.

…

…

…

…

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rule 72(b), 6(a) and 6(c) of the Federal Rules of Civil Procedure. Thereafter, the parties have 14 days within which to file a response to the objections. Replies shall not be filed without first obtaining leave to do so from the District Court. If any objections are filed, this action should be designated case number **17-cv-00224-TUC-RM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 26th day of June, 2018.

Honorable D. Thomas Ferraro
United States Magistrate Judge

- 4 -