**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Isidoro Sanchez, | No. CV-17-00224-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On May 16, 2017, Petitioner Michael Isidoro Sanchez, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On September 1, 2017, this Court stayed the above-captioned matter pending resolution of a petition for review of denial of post-conviction relief which was then pending in the Arizona Supreme Court. (Doc. 16.) Petitioner subsequently filed a Notice of Status (Doc. 20), averring that the Arizona Supreme Court denied his petition for review on January 4, 2018.

Currently pending before this Court is Petitioner's Motion for Stay and Abeyance (Doc. 18). On June 26, 2018, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (Doc. 21), recommending that this Court deny the Motion for Stay and Abeyance. Petitioner filed an Objection on July 6, 2018 (Doc. 22), and on July 9, 2018, Petitioner filed a Motion to Supplement the Objection (Doc. 23). Respondents have not responded to the Objection or the Motion to Supplement, and the time for doing so has now expired.

## I. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.*

## II. Discussion

In his Motion for Stay and Abeyance, Petitioner states that he submitted a Notice of Post-Conviction Relief on August 8, 2017 to challenge the effectiveness of his first Rule 32 counsel. (Doc. 18 at 2.) Petitioner asks this Court to stay his federal habeas proceedings pending the conclusion of the new Rule 32 proceeding. (*Id.* at 4-5.) Petitioner attaches as an exhibit to the Motion a copy of an order from the Cochise County Superior Court in Case No. CR201300346, which indicates that Petitioner filed a Notice of Post-Conviction Relief on August 10, 2017. (Doc. 18-1.)

In his Report and Recommendation, Judge Ferraro indicates that he was unable to locate any currently pending proceedings related to Petitioner in the Cochise County Superior Court or the Arizona Court of Appeals via websites that provide public-access case information. (Doc. 21 at 2.) Judge Ferraro accordingly recommends that this Court deny Petitioner's Motion for Stay and Abeyance and lift the stay put in place on September 1, 2017. (*Id.* at 3.)

In his Objection, Petitioner argues that Judge Ferraro's recommendation to deny his Motion for Stay and Abeyance is based on a factual error, because the website that Judge Ferraro relied upon is missing information and is not up to date. (Doc. 22 at 1-2.) To show that Rule 32 proceedings are currently pending in Cochise County Superior Court, Petitioner attaches various exhibits to his Objection, including a Notice of Post-Conviction Relief filed August 10, 2017 in Cochise County Superior Court case number CR201300346 (Doc. 22-1 at 3-5). Petitioner's exhibits show that he initiated a successive Rule 32 proceeding in Cochise County Superior Court on August 10, 2017.

In his Motion to Supplement, Petitioner avers that he received an order from the Cochise County Superior Court dismissing his Rule 32 proceeding, and that he is in the process of preparing and filing a motion for reconsideration. (Doc. 23 at 1-2.)[1] Petitioner attaches a copy of an order in Cochise County Superior Court case number CR201300346, dated July 2, 2010, which dismisses his Rule 32 proceeding. (Doc. 23 at 4-5.) Petitioner also attaches a copy of his motion for reconsideration. (*Id.* at 6-14.) The undersigned's law clerk contacted the Cochise County Superior Court, and confirmed that Petitioner's motion for reconsideration was filed and had not yet been ruled upon as of July 25, 2018. Accordingly, this Court rejects the Report and Recommendation insofar as it concludes that Petitioner does not have any Rule 32 proceedings pending in state court.

Nevertheless, this Court accepts Judge Ferraro's ultimate recommendation to lift the stay entered on September 1, 2017 and to deny Petitioner's Motion for Stay and Abeyance. A motion for stay and abeyance should be granted "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has not met this standard.

Petitioner could have exhausted a claim of ineffective assistance of Rule 32 counsel earlier, and he has not shown good cause for his failure to do so. In Arizona, a pleading defendant may challenge the effectiveness of his first Rule 32 counsel in a second, timely Rule 32 proceeding. *See State v. Pruett*, 912 P.2d 1357, 1360 (Ariz. App. 1995). However, "[a] defendant may raise an of-right claim of ineffective assistance of Rule 32 counsel in a successive Rule 32 notice" only if the notice "is filed no later than 30 days after the final order or mandate in the defendant's of-right petition for post-conviction relief." Ariz. R. Crim. P. 32.4(a)(2)(C). Petitioner's first, of-right Rule 32

---

[1] The Court will grant Petitioner's Motion to Supplement, as it provides new information that could not have been brought to the Court's attention earlier, and Respondents did not file a response in opposition to the Motion. *See* LRCiv 7.2(i).

petition was denied on May 24, 2016. (Doc. 1 at 4.) Petitioner then filed a second Rule 32 petition, which was also denied.[2] The Rule 32 proceeding that Petitioner initiated on August 10, 2017 is his third Rule 32 proceeding, and it was filed more than 30 days after the final order or mandate in Petitioner's first, of-right Rule 32 proceeding. Petitioner has not shown good cause for failing to raise in state court an of-right claim of ineffective assistance of Rule 32 counsel within 30 days after the final order or mandate in his first, of-right Rule 32 petition.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 21) is **partially accepted and partially rejected** as follows:

    a. The Report and Recommendation is **rejected** to the extent it finds that Petitioner does not have any Rule 32 proceedings pending in state court.

    b. The Report and Recommendation is otherwise **accepted**.

**IT IS FURTHER ORDERED**:

1. Petitioner's Motion to Supplement (Doc. 23) is **granted**.
2. Petitioner's Motion for Stay and Abeyance (Doc. 18) is **denied**.
3. The stay entered on September 1, 2017 (Doc. 16) is **lifted**.
4. Respondents must answer the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) within **40 days** of the date this Order is filed. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section

---

[2] As noted above, the Arizona Supreme Court denied a petition for review of the denial of the second Rule 32 petition on January 4, 2018. (Doc. 20.)

- 4 -

2254 Cases.

5. Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**."[3]

6. Petitioner may file a reply within 30 days from the date of service of the answer.

7. This matter continues to be referred to Magistrate Judge D. Thomas Ferraro pursuant to Rules 72.1 and 7.2.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 30th day of July, 2018.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf (emphasis added).