**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Isidoro Sanchez, | No. CV-17-00224-TUC-RM (DTF) |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

On April 21, 2020, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation[1] ("R&R") (Doc. 63) recommending that this Court deny Petitioner Michael Sanchez's Motion for Expansion of the Record and Third Motion for Stay and Abeyance (Doc. 49). Petitioner filed an Objection to the R&R on May 8, 2020. (Doc. 64.) Respondent filed a Response to the Objection on June 4, 2020. (Doc. 68.) For the following reasons, the Objection will be overruled and the R&R adopted, as modified herein.

I.    **Background**

Petitioner pled guilty to sexual conduct with a minor (Count One) and attempted sexual conduct with a different minor (Count Two) in exchange for the dismissal of nine

---

[1] Also pending before the Court is Magistrate Judge Ferraro's Report and Recommendation on Petitioner's Amended Petition for Writ of Habeas Corpus. (Doc. 65.) The Court will address that Report and Recommendation in a separate Order.

additional charges of sexual conduct with the same minor victims. (Doc. 63 at 1; Doc. 51 at 3-11, 13-16, 18-24, 49.) Under Arizona Revised Statutes § 13–1405(A) and (B), the offense of sexual conduct with a minor is defined as "intentionally or knowingly engaging in sexual intercourse" with a person under age 15. (*See* Doc. 59.) In turn, "sexual intercourse" is statutorily defined as "penetration into the ... vulva ... by any part of the body." A.R.S. § 13–1401(A)(4). Arizona law states that penetration does not require full insertion of the penis into the vagina; only the "slightest penetration of the vulva" need be shown. *See State v. Torres*, 464 P.2d 953, 955 (Ariz. 1970); *State v. Kidwell*, 556 P.2d 20, 21 (Ariz. App. 1976); *State v. Knaubert*, 550 P.2d 1095, 1103 (Ariz. App. 1976).

The procedural history of Petitioner's appellate and post-conviction proceedings is set forth in the R&R (Doc. 63) and in Respondent's Response to the Motion to Expand and Motion to Stay (Doc. 59) as follows:[2]

> Petitioner completed appellate proceedings in his of-right petition for post-conviction relief (PCR) pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, before he filed his Petition for Writ of Habeas Corpus on May 16, 2017. At that time, Petitioner's Petition for Review challenging the state PCR court's denial of his second PCR petition was pending in the Arizona Court of Appeals, and he asked the district court for a stay and abeyance in order to complete the review process in the state courts. Respondents did not object to Petitioner's request for a stay. On September 1, 2017, the district court granted Petitioner's motion to stay his federal habeas proceedings pending completion of state appellate review of his second PCR proceeding.
>
> On August 10, 2017, Petitioner filed a third PCR notice in the state court. On October 11, 2017, Petitioner moved for a second stay and abeyance to allow him to complete his third round of state PCR proceedings.
>
> On January 16, 2018, Sanchez notified the district court that earlier in the month the Arizona Supreme Court had denied his petition for review in his second PCR proceeding and reminded the court that his October motion for stay and abeyance was still pending. The district court lifted the first stay and denied Petitioner's second motion for a second stay.
>
> Petitioner requested that the district court reconsider that order to the extent of the denial of his second stay request. Respondents did not object to the second stay. On August 21, 2018, the district court granted Petitioner's

---

[2] Petitioner does not object to the R&R's summary of the procedural history of his case. (*See* Doc. 64.) Therefore, the Court reviews this portion of the R&R for clear error. *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

motion for reconsideration and stayed the habeas proceedings for a second time.

On May 8, 2019, Sanchez notified the district court that earlier in the month the Arizona Supreme Court had denied his petition for review in his third PCR proceeding. Five days later, Petitioner lodged an amended habeas petition.

On May 17, 2019, the district court lifted the stay and ordered a response to the petition. The district court later clarified that order, specifying a response to Sanchez's amended petition.

Doc. 63 at 1-2 (internal citations omitted); *see also* Doc. 59 at 2).

## II.   Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition.

## III.   Petitioner's Motion for Stay

On September 23, 2019, one week before the deadline for Respondents to answer his Amended Petition, Petitioner moved to expand the record and stay these habeas proceedings based on newly discovered evidence of medical examination records of his minor victims, D.S. and M.S. (Doc. 49; *see also* Doc. 48.) Petitioner contends that the medical examination of victim D.S. includes new, exculpatory evidence regarding Count One. (*Id.* at 2.) Petitioner asserts that "the medical exam shows no sign of penetration (no abnormalities, hymen intact, no bruises, no swelling, no tears, no bleeding) into the vagina" and claims that, had he actually committed the offense charged in Count One, "there would have been obvious and noticeable signs of penetration present within days of the alleged offense" that would have been recorded in the medical record. (*Id.*) Petitioner contends that the exam record is material, exculpatory evidence showing that

Count One is "factually false" and that he is innocent. (*Id*. at 2, 5.) Petitioner further contends that, had his trial attorney obtained the exam records and discussed them with him, he would not have pled guilty to Count One and would have attempted to negotiate a more favorable plea deal. (*Id*. at 5.) Petitioner further contends that, had the exam records been presented to the state appellate court, it might have reached a different conclusion regarding his trial counsel's performance. (*Id*.) Petitioner further states that he has filed a fourth PCR proceeding in state court and that this is his first opportunity to present this evidence to the state court. (*Id*.)

Respondents oppose Petitioner's request for a third stay, arguing that a stay would be futile because (1) Petitioner's guilty plea resulted in the waiver of any independent claims relating to the alleged deprivation of Petitioner's constitutional rights, (2) a freestanding claim of actual innocence has not been recognized in federal habeas actions, and (3) the medical reports do not exonerate Petitioner. (Doc. 59 at 3-4.)

Petitioner filed a Reply, averring that he is not seeking to expand the record in order to assert an independent claim of innocence but, instead, to show that the medical records are exculpatory as to Count One and material to multiple grounds raised in his Amended Petition for Writ of Habeas Corpus. (Doc. 61.) He further argues that the medical records establish that the indictment in his case was not specific enough for him to prepare a defense and that to construe Count One to include the "slightest penetration" would amount to constructive amendment of the indictment. (*Id*. at 4-5.)

## IV.    R&R and Petitioner's Objection

The R&R recommends denying the Motion to Expand the Record and Motion for Stay. (Doc. 63.) The R&R finds that a stay would be futile for the reasons stated in Respondents' opposition: because (1) Petitioner's guilty plea operates as an express waiver of any claims of constitutional violations, (2) a freestanding claim of actual innocence has not been recognized in federal habeas cases, and (3) the newly discovered medical exam records do not support Petitioner's claim of actual innocence. (*Id*. at 2-4.) While the medical records reflect that the examiner found the physical condition of the

1    minors' genitals within normal limits, the R&R concludes that this does not provide

2    evidence exonerating Petitioner of violating A.R.S. § 13-1405(A) and (B). (*Id.* at 5).

3        Petitioner filed a timely Objection to the R&R. (Doc. 64.) Petitioner maintains that

4    Judge Ferraro's findings operate upon an erroneous assumption that Petitioner made an

5    independent claim of actual innocence. (*Id.* at 2.) Petitioner reiterates the argument raised

6    in his Reply (Doc. 61) that the purpose of the instant Motion was not to assert an

7    independent claim of innocence but rather to show that the medical records are

8    exculpatory with respect to Count One of the indictment, which makes them material to

9    Grounds 2, 8, 9, 15, and 16 of his Amended Petition. (*Id.*) With respect to Ground 15,

10   Petitioner argues that his trial counsel was ineffective in advising him to accept the plea

11   agreement without first obtaining and considering the allegedly exculpatory medical

12   records.  (*Id.* at 3-4.) Petitioner argues that, had he been provided with the medical

13   records, he would have insisted that trial counsel challenge Count One and would not

14   have pled guilty or accepted the plea agreement.  (*Id.* at 3.)

15       Petitioner also objects to the R&R's finding that the medical records are not

16   exculpatory, contending that the finding operates as a constructive amendment of the

17   indictment as to Count One. (*Id.* at 5.) Petitioner contends that the indictment charged

18   him with "insert[ing] his penis into the vagina" of the minor victim and that, because this

19   charge conflicts with the medical records, the records are exculpatory. (*Id.*)

20       Respondents responded to the Objection. (Doc. 68.) Respondents contend that the

21   Objection is based on the faulty presumption that the minor victim would have "obvious

22   and noticeable signs of penetration" on her genitals. (*Id.* at 2.) Respondents argue that

23   Petitioner "either disregarded or simply missed the portion of both reports that

24   contradicted his assumption that the victim's genitals would show signs of injury, and

25   stated that 'genital penetration can occur *without causing injury* to the genitals.'" (*Id.*)

26   Respondents contend that the medical report is not exculpatory and therefore expansion

27   of the record would be futile. (*Id.*)

28   . . . .

V.     **Analysis**

Having reviewed de novo the new medical record evidence proffered by Petitioner, the underlying briefing on the Motion to Stay, the R&R, Petitioner's Objection, and Respondents' Response thereto, the Court finds that a stay and expansion of the record would be futile.  The Court recognizes that Petitioner is seeking to use the medical records to support existing grounds raised in his Amended Petition, rather than to assert a freestanding claim of actual innocence.  The Court also recognizes that, although Petitioner's guilty plea precludes him from raising "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," he may still raise claims that attack "the voluntary and intelligent character of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Petitioner alleges that the prosecution unlawfully withheld the medical records from him, and that his trial counsel was ineffective in advising him to plead guilty without first obtaining and considering the records.  He further alleges that, had he and counsel reviewed the records, he would not have accepted the plea agreement.  However, these allegations hinge on Plaintiff's inaccurate characterization of the medical records as exonerating him of Count One.

The proffered medical records do not support Petitioner's request for a stay and expansion of the record because they are not exculpatory. The records provide no evidence showing that Petitioner did not violate A.R.S. § 13–1405 by engaging in sexual intercourse with a minor as defined in A.R.S. § 13–1401(A)(4). The medical records attached as exhibits to Petitioner's Motion indicate that the medical examiner found no physical injuries during the examination of the minor victims' genitals. (*See* Doc. 49-1 at 5.) However, the medical records also include the minor victims' detailed allegations of sexual conduct by Petitioner, and they state, as to both victims, that "genital penetration can occur without causing injury to the genitals or anus." (*Id.* at 4, 6, 16.)

To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that: (1) his trial counsel's performance 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.'" *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  In the context of a guilty plea, a petitioner "satisfies the prejudice prong of the *Strickland* test where 'there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial.'" *Smith*, 611 F.3d at 986 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Petitioner has not made such a showing here. As discussed *supra*, the medical records do not contain exculpatory evidence. Furthermore, the record indicates that Petitioner's guilty plea was knowing, intelligent, and voluntary (Doc. 51 at 34-49), that Petitioner openly confessed his actions (*id*. at 54, 57-8), and that he apologized for his actions in court at his sentencing hearing (*id*. at 64). Based on these facts, the Court is satisfied that, even if Petitioner's trial counsel did err by failing to acquire the medical records prior to the guilty plea, there is no reasonable probability that their acquisition would have led Petitioner not to plead guilty and insist instead on going to trial. The evidence of Petitioner's guilt in this matter, including the new medical record evidence, is overwhelming. Because a stay and expansion of the record would be futile, the Court will deny Petitioner's Motion.

**IT IS ORDERED** that the Report and Recommendation (Doc. 63) is **accepted in part and modified in part**, as set forth above.

**IT IS FURTHER ORDERED** that Petitioner's Objection (Doc. 64) is **overruled**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expand the Record and Motion for Stay and Abeyance (Doc. 49) is **denied**.

Dated this 18th day of June, 2020.

_____
Honorable Rosemary Márquez
United States District Judge