**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Isidoro Sanchez, | No. CV-17-00224-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Pending before the Court are three Motions filed by Petitioner that pertain to the Court's June 19, 2020 Order (Doc. 71) denying Petitioner's Motion for Stay and Abeyance (Doc. 49) and overruling Petitioner's Objection (Doc. 64) to Magistrate Judge D. Thomas Ferraro's Report and Recommendation ("R&R") (Doc. 63): (1) Motion to Supplement Petitioner's Motion for Stay and to Reply to Response (Doc. 72); (2) Motion for Reconsideration of the Court's Order denying Petitioner's Motion to Expand the Record and for Stay and Abeyance (Doc. 73); and (3) Motion to Supplement Petitioner's Reply (Doc. 79). Respondents filed a Response to the Motion to Supplement Petitioner's Motion for Stay and to the Motion for Reconsideration (Doc. 77), but not to the Motion to Supplement Petitioner's Reply.

. . . .

. . . .

### I. Background

On September 23, 2019, Petitioner filed a Motion to Expand the Record and Motion for Stay and Abeyance. (Doc. 49.) In the Motion, Petitioner asked the Court to expand the record in these habeas proceedings to include reports of medical examinations of the victims of the underlying offenses; he also asked the Court to stay these proceedings pending resolution of a state-court petition for post-conviction relief he had filed based on the medical records. (*Id.*) On April 21, 2020, Magistrate Judge Ferraro issued an R&R recommending that this Court deny the Motion. (Doc. 63.) Petitioner filed an Objection to the R&R. (Doc. 64.) On June 19, 2020, this Court issued an Order overruling Petitioner's Objection, adopting the R&R, and denying Petitioner's Motion. (Doc. 71.) In that Order, the Court found that a stay and expansion of the record based on the new medical record evidence proffered by Petitioner would be futile. (*Id*. at 6.) The Court determined that the proffered medical records did not contain exculpatory evidence and that Petitioner had failed to meet the standard for a showing of ineffective assistance of counsel related to his counsel's purported failure to obtain the medical records, pursuant to *Strickland v. Washington*, 466 U.S. 668, 688 (1984). (*Id*. at 7.) The Court concluded that, in light of the record indicating that Petitioner admitted to and apologized for the actions that gave rise to the criminal charges against him in open court, and the overwhelming evidence of Petitioner's guilt, there was not a reasonable probability that the acquisition of the proffered medical records would have caused Petitioner to not plead guilty. (*Id*.); *see also United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea).

### II. Petitioner's Motion to Supplement Motion for Stay and to Reply to Response (Doc. 72)

Although Petitioner's Motion to Supplement Motion for Stay was filed after the Court's June 19, 2020 Order, Petitioner drafted the Motion before the Order was filed. Petitioner argues in the Motion that, in light of the new medical records, the State could

not have proven him guilty beyond a reasonable doubt and that it is reasonable to find that, had the medical records been available to him during his state court proceedings, he would have used them to "challenge Count One" and "negotiate or bargain for less time [or] a more favorable plea." (Doc. 72 at 4-5.)  Petitioner attaches to the Motion an Arizona Court of Appeals decision, dated June 11, 2020, granting partial relief on his appeal of the trial court's ruling summarily dismissing his notice of post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 33. (*See* Doc 72-1.) The Court of Appeals remanded on the issue of whether Petitioner had met the requirements of Ariz. R. Crim. P. 33.1(e) by showing the medical reports "probably would have changed the judgment or sentence" and were discovered after sentencing, and that Petitioner was diligent in obtaining them. (*Id.* at 4.) The Court of Appeals specified that the remand was limited to the trial court's application of Ariz. R. Crim. P. 33.1(e) and did not extend to Petitioner's newly raised claim of ineffective assistance of counsel. (*Id.*) The Court found Petitioner's newly raised claim of ineffective assistance of counsel was untimely and precluded pursuant to Ariz. R. Crim P. 33.2(a) and 33.4(a)(3)(A). (*Id.*) Thus, the Court remanded Petitioner's claim to the trial court for the sole purpose of permitting Petitioner to file a petition for post-conviction relief on his claim that the new medical records probably would have changed the judgment or sentence pursuant to Ariz. R. Crim. P. 33.1(e). (*Id.* at 4-5.)

The Court takes judicial notice of the Court of Appeals' decision regarding the new medical records. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (court may take judicial notice of court filings and matters of public record).  Furthermore, the Court finds that the ruling—which was issued only seven days before the Court's Order denying Petitioner's Motion for Stay and Abeyance—constitutes "a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." *See* LRCiv 7.2(g). Nevertheless, the Court does not find that the Court of Appeals decision, or the arguments raised by Plaintiff in his Motion, alter the reasoning of the Court's June 19,

2020 Order denying Plaintiff's Motion to Expand the Record and Motion for Stay and Abeyance.

Plaintiff's Motion to Supplement and Motion to Reply will be granted to the extent that this Court has considered the arguments raised therein but will be denied in all other respects.

### III. Petitioner's Motion for Reconsideration of the Court's Order Denying Petitioner's Motion to Expand the Record and for Stay and Abeyance (Doc. 73)

Petitioner moves the Court to reconsider its June 19, 2020 Order denying his Motion to Expand the Record and for Stay and Abeyance. (Doc. 73.) In support of his Motion for Reconsideration, Petitioner argues that the Court misunderstood his position; he also reiterates his arguments that the proffered medical records are exculpatory, that based on the medical records no reasonable fact-finder could have found him guilty beyond a reasonable doubt, that there is no factual basis to sustain his guilty plea, that his trial counsel provided ineffective assistance, and that had the medical records been obtained prior to his guilty plea, he would not have pled guilty and would have gone to trial. (*Id.*)

Respondent contends that the request for stay and abeyance is moot because the Arizona Court of Appeals denied Petitioner's motion for reconsideration of its order finding Petitioner's newly raised ineffective assistance of counsel claim untimely and precluded. (Doc. 77 at 4.) Respondent further contends that the Rule 33.1(e) claim is not material to Grounds 2, 8, 9, 15, and 16 of Petitioner's Amended Petition because those claims are procedurally barred without excuse, are not cognizable on habeas, or have been waived by the express terms of his plea agreement. (*Id.*)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

In large part, Petitioner's Motion for Reconsideration merely repeats arguments previously made and expresses disagreement with the Court's June 19, 2020 Order. These are insufficient grounds for reconsideration. As noted above, the Arizona Court of Appeals' ruling constitutes "a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." *See* LRCiv 7.2(g). Nevertheless, Petitioner has not shown that reconsideration of the Court's June 19, 2020 Order is appropriate. Petitioner does not explain how his Rule 33.1(e) claim is relevant or material to the habeas claims asserted in these proceedings. To the extent that Petitioner requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), such a stay is permitted to allow a petitioner to present unexhausted federal constitutional claims to the state court—not to present state law claims to the state court. Because the Rule 33.1(e) claim is a state law claim rather than a claim arising under the United States constitution, a *Rhines* stay is not justified.

Furthermore, to the extent that the Rule 33.1(e) claim is relevant to Petitioner's ineffective assistance of counsel claim, Respondent is correct that the request for stay is moot on that ground because the Arizona Court of Appeals declined to reconsider its determination that Petitioner's new claim of ineffective assistance of counsel, based on the newly discovered evidence, was untimely and precluded under Rules 33.2(a) and

33.4(a)(3)(A). (Docs. 72-1 at ¶ 9, 77-1); *see also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (federal habeas corpus relief does not lie for errors of state law).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner's Rule 33.1(e) claim is relevant to these proceedings only to the extent that it affects his federal habeas claims. The Motion for Reconsideration provides no new information or argument as to how or why the Rule 33.1(e) claim might affect Petitioner's federal habeas claims. Accordingly, the Motion will be denied.

## IV. Petitioner's Motion to Supplement Reply (Doc. 79)

In his Motion to Supplement Reply, Petitioner moves to supplement the record with an "Inmate Response Letter" he received on August 6, 2020. (Doc. 79.) The submitted correspondence shows that Petitioner submitted a request for his legal mail received from the Arizona Court of Appeals between July 1 and August 14, 2020. (*Id.*) Petitioner is, or was, seeking to obtain a copy of the Arizona Court of Appeals' July 2, 2020 Order denying his Motion for Reconsideration of the Court of Appeals' June 11, 2020 Order. (*Id.*; *see also* Doc. 77-1.) Plaintiff makes no argument as to why this information is relevant to the pending matters in his federal case, nor does he cite legal authority in support of his request to supplement the record.

The Court does not find the submitted correspondence relevant to Petitioner's Motion for Stay and Abeyance or his Motion for Reconsideration. The submitted correspondence does not, for example, cure a technical deficiency, *see e.g., Venezia v. Bentley Motors, Inc.*, No. CV07-1511-PHX-SMM, 2008 WL 2186403, at *2 (D. Ariz. May 23, 2008), alter a factual predicate upon which the Court has decided Petitioner's claims, *see Dobbs v. Zant*, 506 U.S. 357, 359 (1993), provide the Court with evidence that would assist in its resolution of pending motions, *see e.g., Ocean Beauty Seafoods, LLC v. Pac. Seafood Grp. Acquisition Co.*, 611 F. App'x 385, 387 (9th Cir. 2015), or

otherwise assist the Court in any way. Accordingly, the Motion to Supplement will be denied.

**IT IS ORDERED** that Petitioner's Motion to Supplement Petitioner's Motion for Stay and to Reply to Response (Doc. 72) is **granted** to the extent that this Court has considered the arguments raised therein, but **denied** in all other respects.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration (Doc. 73) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Supplement Reply (Doc. 79) is **denied**.

Dated this 30th day of September, 2020.

_____
Honorable Rosemary Márquez
United States District Judge