**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Michael Isidoro Sanchez,

             Petitioner,

v.

Attorney General of the State of Arizona, et al.,

             Respondents.

No. CV-17-00224-TUC-RM

**ORDER**

      Pending before the Court is Magistrate Judge D. Thomas Ferraro's Report and Recommendation ("R&R") (Doc. 65), recommending that this Court dismiss Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner filed an Objection (Doc. 74) and a Supplement to the Objection (Doc. 76); Respondents filed a Response to the Objection and Supplement (Doc. 84); and Petitioner filed a Reply (Doc. 85). For the following reasons, Petitioner's Objection will be partially sustained and partially overruled, the R&R will be partially rejected and partially adopted, and the Amended Petition will be partially granted and partially denied.

## I.    Standard of Review

      A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of a magistrate judge's

"report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

Where objections raised "are repetitive of the arguments already made to the magistrate judge, a de novo review is unwarranted." *Vega-Feliciano v. Doctors' Ctr. Hosp., Inc.*, 100 F. Supp. 3d 113, 116 (D.P.R. 2015) (internal citation omitted); *see also Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R&R.")).

A district court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

## II.   Background

In 2014, Petitioner pled guilty in Cochise County Superior Court to one count of sexual conduct with a minor and one count of attempted sexual conduct with a minor. (Doc. 51 at 26-49.) He was sentenced in accordance with the terms of his plea agreement to 25 years of imprisonment followed by a lifetime of probation. (Doc. 51 at 26-32.) Petitioner unsuccessfully sought state post-conviction relief through three rounds of post-conviction review ("PCR") proceedings. (*See* Doc. 65 at 1-4.) The details of Petitioner's

state trial and PCR proceedings are set forth in the R&R and adopted herein.

On May 16, 2017, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1.) On June 5, 2019, he filed an Amended Petition, alleging nineteen grounds for relief. (Doc. 41.) Respondents filed a Response to the Amended Petition (Doc. 50; *see also* Docs. 51 to 58) and Petitioner filed a Reply (Doc. 60).

Magistrate Judge Ferraro's R&R finds that the original § 2254 Petition was timely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and that the Amended Petition relates back to the original and is thus also timely. (Doc. 65 at 5.) However, the R&R finds that the Amended Petition should be dismissed because the majority of the claims alleged therein are procedurally defaulted, waived, or non-cognizable on federal habeas review, and the remaining claims fail on the merits.  (*Id.* at 6-28.)

In his Objection to the R&R, Petitioner raises general challenges to the R&R's procedural default findings and also makes specific arguments pertaining to the R&R's analysis of Grounds One, Two, Three, Four, Eight, Eleven, and Twelve of his Amended Petition. (Doc. 74.)

## III.   Applicable Law

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted "with respect to any claim that was adjudicated on the merits" in state court unless the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on

a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

Federal habeas claims are subject to the "exhaustion rule," which requires that the factual and legal basis of a claim be presented first to the state court. 28 U.S.C. § 2254(b)(1)(A); *Weaver v. Thompson*, 197 F.3d 359, 363-64 (9th Cir. 1999). If the petitioner is in custody as a result of a judgment imposed by the State of Arizona, and the case does not involve a life sentence or the death penalty, he must fairly present his claims to the Arizona Court of Appeals in order to satisfy the exhaustion requirement. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). In order to properly exhaust a claim for purposes of federal habeas review, the petitioner must identify the federal nature of the claim to the state court by citing federal law or precedent. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as amended by* 247 F.3d 904.

A claim is exhausted but procedurally defaulted if it was presented in state court but the state court rejected it based on an independent and adequate state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003); *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002). A claim is also technically exhausted but implicitly procedurally defaulted if the petitioner failed to raise it in state court and a return to state court to exhaust it would be futile considering state procedural rules. *Franklin*, 290 F.3d at 1230–31; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (finding claims procedurally defaulted because habeas petitioner was time-barred from presenting his claims in state court); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred").

A federal habeas court may not review a procedurally defaulted claim unless "the

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Id.* at 753. To establish "prejudice," a petitioner must demonstrate actual, not possible, harm resulting from the alleged violation. *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (to show prejudice, a petitioner must demonstrate that the alleged constitutional violation worked to the prisoner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."). To establish a "fundamental miscarriage of justice," a petitioner must "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## IV.   Discussion

The Court will first discuss Petitioner's general objections to the R&R's procedural default findings and then discuss Petitioner's objections to the R&R's analysis of specific claims.[1]

### A. Procedural Default

Petitioner argues that Respondents waived their procedural default arguments by not raising them during pre-Answer briefing related to a motion to stay. (Doc. 74 at 3-4.) Magistrate Judge Ferraro considered this argument and rejected it, finding that Respondents were not required to raise their procedural default arguments at that time and that the exhaustion requirement can only be expressly waived. (Doc. 65 at 9-10.)

Because Petitioner merely raises the same arguments considered and rejected by the magistrate judge, de novo review is unnecessary. *See Vega-Feliciano*, 100 F. Supp. 3d at 116. Even applying de novo review, the Court finds that Magistrate Judge Ferraro

---

[1] The Court has reviewed for clear error all unobjected-to portions of Magistrate Judge Ferraro's R&R, and has found no clear error in those unobjected-to portions.

correctly rejected Petitioner's waiver argument. Respondents appropriately raised their arguments concerning exhaustion and procedural default in their first responsive pleading—their Answer to Petitioner's Amended Petition. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("the defense of procedural default should be raised in the first responsive pleading"); *see also* Fed. R. Civ. P. 7(a) (distinguishing "pleadings" from "motions and other papers"). Furthermore, AEDPA provides that the exhaustion requirement must be expressly waived, 28 U.S.C. § 2254(b)(3), and there is no express waiver here. Petitioner's waiver objection will be overruled.

Petitioner further objects to the R&R's findings that several of his IAC claims are procedurally defaulted because they were rejected in state court as untimely under Arizona Rule of Criminal Procedure 32.4(a). (Doc. 74 at 4-6.) Petitioner argues that the pre-2018 amendment version of Rule 32.4(a),[2] in effect at the time he initiated all three of his PCR proceedings, was not an adequate state procedural ground because it was not firmly established and was insufficiently clear on the procedure for a pleading defendant to assert a claim of ineffective assistance of PCR counsel. (*Id.*) Magistrate Judge Ferraro considered and rejected this argument, finding that Arizona courts regularly follow Rule 32.4(a) and concluding that the rule and case law interpreting it were "sufficiently clear as to what conduct was required to assert an IAC claim of first PCR counsel." (Doc. 65 at 10-12.)

Because Petitioner merely raises the same arguments considered and rejected by the magistrate judge, de novo review is unnecessary, but even applying de novo review, the Court rejects Petitioner's argument. "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez v. Ryan*, 566 U.S. 1, 9

---

[2] Rule 32.4(a) provides deadlines for filing timely PCR notices, and before 2018 it stated, "In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."

(2012). Arizona's procedural bar on successive PCR petitions is an independent and adequate state ground precluding federal habeas review of a claim, as is Arizona's bar on untimely PCR petitions, *Id.* at 10*; see also Beaty v. Stewart*, 303 F.3d 975, 988 (9th Cir. 2002) (finding petitioner failed to show that "Arizona's time bar is not adequate or independent"); *Loya v. Shinn*, No. CV-19-02104-PHX-SRB, 2020 WL 5658976, at *5 (D. Ariz. Sept. 23, 2020). The 2018 amendment referenced by Petitioner did not constitute a material change in Arizona's procedural rules. This Court finds no basis to overrule the R&R on this issue.

### B. Ground One

In Petitioner's of-right PCR proceeding, appointed counsel filed a "Notice of No Colorable Claim," stating that he was unable to find any ground for Rule 32 relief. (Doc. 51 at 78, 80-83.) The trial court allowed Petitioner to file a pro se PCR Petition (Doc. 51 at 85; *see also* Doc. 52 at 3-21) and later denied that pro se Petition (Doc. 52 at 111-13), all without conducting an *Anders*[3] review of the record. In Ground One of his Amended § 2254 Petition, Petitioner alleges that his equal protection and due process rights were violated during his of-right PCR proceeding, and he was denied effective assistance of counsel, because *Anders* safeguards were not followed. (Doc. 41 at 10-17.) Petitioner raised this claim to the Arizona Court of Appeals in his Motion to Supplement his Petition for Review of the denial of his third PCR Petition. (*Id.* at 10, 16; *see also* Doc. 41-10 at 30-31.) The Arizona Court of Appeals granted review of the denial of Petitioner's third PCR Petition but denied relief, finding that any claims regarding the ineffectiveness of Petitioner's first PCR counsel should have been raised in a second, timely PCR proceeding. (Doc. 58 at 4 (citing Ariz. R. Crim. P. 32.4(a)(2)(C)).) With respect to Petitioner's *Anders* claim, the Court found—relying on *Arizona v. Chavez*, 407 P.3d 85 (Ariz. App. 2017), that *Anders* review is not required for pleading defendants. (*Id.*)

The R&R finds that Petitioner exhausted Ground One by raising it in his third

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

PCR proceeding but that the claim is procedurally defaulted because the Arizona Court of Appeals determined it was untimely under Rule 32.4(a)(2)(C) of the Arizona Rules of Criminal Procedure. (Doc. 65 at 8-12.) The R&R also notes that the Arizona Court of Appeals relied on *Chavez* in finding that *Anders* review is not required for pleading defendants. (*Id.* at 8.) Petitioner objects that the R&R's reliance on *Chavez* is contrary to clearly established federal law. (Doc. 74 at 6-7; *see also* Doc. 76 at 1-3.) Petitioner contends that Arizona's procedures governing PCR proceedings and the provision of counsel therein lead to "the constructive denial of counsel altogether" and do not comport with the Fourteenth Amendment. (Doc. 74 at 7.)

A claim is procedurally defaulted when a state court applies an independent and adequate state procedural bar, even if the state court alternatively addresses the claim on the merits. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *see also Zapata v. Vasquez*, 788 F.3d 1106, 1111-12 (9th Cir. 2015). But a procedural default occurs only if the state court "clearly and expressly" states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263 (internal quotation marks omitted). As discussed above, the Arizona Court of Appeals found that Petitioner's ineffective assistance of PCR counsel claims were untimely before addressing his *Anders* claim on the merits. (Doc. 58 at 4.) To the extent that Ground One asserts the ineffective assistance of PCR counsel, this Court agrees with the R&R that the claim is procedurally defaulted.  However, the *Anders* claim asserted in Ground One is distinct from a claim alleging only the ineffective assistance of PCR counsel. *Cf. Penson*, 488 U.S. at 88 (noting differences between *Anders* claim and ordinary IAC claim). There is no indication that the Arizona Court of Appeals applied a procedural bar to Petitioner's *Anders* claim; it addressed the claim only on the merits. Accordingly, this Court rejects the R&R's finding that Petitioner's *Anders* claim is procedurally defaulted.

In *Anders v. California*, the United States Supreme Court held that a court-appointed criminal defense attorney who, on appeal of a criminal conviction, finds the appeal meritless or frivolous, may request permission to withdraw but must file "a brief

referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967). The court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous," before allowing the withdrawal of counsel. *Id.*; *see also Penson v. Ohio*, 488 U.S. 75, 80 (1988). If the court finds any non-frivolous issues, "it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Anders*, 386 U.S. at 744. *Anders* protections apply to prevent "unconstitutional discrimination against the poor" during proceedings in which a litigant has an "established constitutional right to counsel." *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987). *Anders* safeguards do not apply to ordinary collateral review proceedings because there is no constitutional right to counsel during those proceedings. *Finley*, 481 U.S. at 555-56. However, *Anders* protections are required during a defendant's first appeal as of right. *Finley*, 481 U.S. at 554-55.

In Arizona, a noncapital defendant "may not appeal from a judgment or sentence that is entered into pursuant to a plea agreement." A.R.S. § 13-4033(B). Instead, pleading defendants may file a notice requesting post-conviction relief. Ariz. R. Crim. P. 17.1(e); Ariz. R. Crim. P. 33.1. The initial PCR petition of a pleading defendant is referred to as an "of-right" PCR petition, as it is the functional equivalent of a pleading defendant's first appeal as of right. *See Summers v. Schriro*, 481 F.3d 710, 714-17 (9th Cir. 2007). Because of-right PCR proceedings are the functional equivalent of first appeals as of right, a federal constitutional right to counsel exists during such proceedings, and *Anders* safeguards are required. *Pacheco v. Ryan*, No. CV-15-02264-PHX-DGC, 2016 WL 7407242, at *8-10 (D. Ariz. Dec. 22, 2016); *see also Penson*, 488 U.S. at 79 ("the Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right"). Nevertheless, notwithstanding pleading defendants' constitutional right to counsel in of-right PCR proceedings and in explicit disregard of *Pacheco*, the Arizona Court of Appeals held in *Chavez* that *Anders* record-review is not required in of-right PCR proceedings. 407 P.3d 85.

In the case at hand, the Arizona Court of Appeals' reliance on *Chavez* for the

proposition that *Anders* safeguards were not required during Petitioner's of-right PCR proceeding was an unreasonable application of clearly established federal law, as determined by the United States Supreme Court in *Anders* and *Finley*. *See Chavez v. Ryan*, No. CV-19-05424-PHX-DLR, 2021 WL 734595, at *2-3 (D. Ariz. Feb. 25, 2021); *Pacheco*, 2016 WL 7407242, at *8-10. Accordingly, this Court will grant a conditional writ of habeas corpus as to Ground One of Petitioner's Amended Petition.

### C. Ground Two

In Ground Two, Petitioner alleges that the Arizona Court of Appeals violated the ex post facto and due process clauses of the Constitution by holding that his IAC of PCR counsel claims were untimely under Arizona Rule of Criminal Procedure 32.4(a). (Doc. 41 at 18-28.) The R&R finds that Ground Two is not cognizable on federal habeas review because it challenges the state courts' application of a state procedural rule. (Doc. 65 at 12-13.) In his Objection, Petitioner again argues that the state courts' application of Arizona Rule of Criminal Procedure 32.4 violated the ex post facto and due process clauses of the Constitution. (Doc. 74 at 7-8.)

Because Petitioner's Objection merely raises the same arguments that were already considered and rejected by the magistrate judge, de novo review is unnecessary, but even applying de novo review, this Court agrees with Magistrate Judge Ferraro's analysis of Ground Two. A federal habeas court cannot "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). An alleged error of state law is not a denial of due process and is not cognizable on federal habeas corpus review. *See id.*; *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)) ("We have long recognized that a mere error of state law is not a denial of due process.") (internal citation and quotation omitted). Petitioner's Ground Two objection will be overruled.

### D. Ground Three

In Ground Three, Petitioner alleges prosecutorial misconduct and violation of his Fifth and Fourteenth Amendment due process rights based on "the State[']s unlawful[l]y

induced plea of guilty by way of a sham prosecution." (Doc. 41 at 29-35.) The basis of this claim is Petitioner's allegation that the prosecutor in his case withheld information regarding the military's purported intent to impose a consecutive sentence for offenses Petitioner committed against the same minor victims. (*Id.*) Petitioner alleges that his plea agreement raised the possibility that his military sentence would be concurrent, and that he would not have accepted the plea agreement if he had known of an email indicating the military was planning to impose a consecutive sentence. (*Id.* at 31-32.)[4]

Petitioner presented this claim of prosecutorial misconduct in his first PCR Petition (Doc. 41-3 at 14-19; Doc. 52 at 9-14) and his Petition for Review of the trial court's denial of that Petition (Doc. 41-3 at 32-34), but he did not argue to the Arizona Court of Appeals that he would not have pled guilty but for the alleged prosecutorial misconduct. The Arizona Court of Appeals held that, by pleading guilty, Petitioner "waived all non-jurisdictional defects save those related to the validity of his plea" and that he had failed to explain how any alleged prosecutorial misconduct "influenced his decision to plead guilty." (Doc. 54 at 59-60.) The Court also noted that, to the extent Petitioner had attempted to incorporate by reference his PCR Petition in his Petition for Review, that procedure was not permitted by state rule. (*Id.* at 59.)

The R&R finds that Ground Three is procedurally defaulted because, by attempting to incorporate the claim by reference in his Petition for Review, Petitioner failed to present the claim to the Arizona Court of Appeals in a procedurally appropriate manner.  (Doc. 65 at 14.)  The R&R further finds that Petitioner waived the due process claim alleged in Ground Three when he pled guilty. (*Id.* at 14-15.) Petitioner objects to the R&R's finding that Petitioner waived this ground by pleading guilty, arguing that the State's "sham prosecution . . . was a breach of the plea." (Doc. 74 at 8.) Petitioner further argues that he has established an exception to the guilty plea waiver as set forth in *Blackledge v. Perry*, 417 U.S. 21 (1974). (Doc. 74 at 8.) In response, Respondents assert

---

[4] Petitioner's plea agreement specified that his 25-year sentence "may be consecutive or concurrent to the Sentence he will serve pursuant to his General Court-Martial, at the discretion of the United States Army Commanding General." (Doc. 51 at 20.)

that *Blackledge* is inapplicable and that any claim regarding the State breaching the plea agreement is procedurally defaulted because Petitioner did not raise it in his PCR proceedings. (Doc. 84 at 10-11.)

Petitioner's reliance on *Blackledge* is misplaced. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but instead "may only attack the voluntary and intelligent character of the guilty plea" itself. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Blackledge*, the Supreme Court found that *Tollett* did not preclude a defendant who had pled guilty to a felony from asserting that the "very initiation" of the felony proceedings—which were based on the same conduct that had given rise to a prior misdemeanor conviction—denied him due process of law. 417 U.S. at 22-23. The "exception" set forth in *Blackledge* is inapplicable here; although Petitioner alleges he faced charges in a military court martial for the same conduct at issue in these proceedings, successive state and federal criminal proceedings do not violate the double jeopardy clause. *See Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019) ("Under th[e] 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute.")

The Court recognizes that an alleged constitutional violation affecting the voluntary and intelligent character of a guilty plea is not waived by that guilty plea, *Tollett*, 411 U.S. at 267, and that Petitioner alleges in his § 2254 Petition that he would not have pled guilty but for the prosecutor's alleged misconduct. But Petitioner did not make that allegation to the Arizona Court of Appeals. The new allegation materially and substantially changes the nature of Ground Three and is unexhausted. *See Dickens v. Ryan*, 740 F.3d 1302, 1318-19 (9th Cir. 2014) ("A claim has not been fairly presented in state court if new factual allegations" fundamentally alter it or place it in a significantly stronger posture). Petitioner's argument that the State breached his plea agreement is also

1   unexhausted and procedurally defaulted. The Court will adopt the R&R's conclusion that

2   Petitioner is not entitled to relief on Ground Three.

3   **E. Ground Four**

4   In Ground Four, Petitioner alleges that his prosecution by both the State and

5   military violated his right to be free from double jeopardy.  (Doc. 41 at 36-45.) Petitioner

6   raised this claim in his first PCR Petition (Doc. 53 at 6-7), and the R&R finds it to be

7   properly exhausted but without merit under *Gamble*, 139 S. Ct. 1960. (Doc. 65 at 15-16,

8   24-26.) Petitioner objects to the R&R's reliance on *Gamble*, essentially arguing that

9   *Gamble* was incorrectly decided. (Doc. 74 at 9, 14; Doc. 76 at 3-4.)

10   Habeas relief only lies if a state adjudication "resulted in a decision that was

11   contrary to, or involved an unreasonable application of, clearly established Federal law,

12   as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

13   AEDPA certainly does not require state courts to question the correctness of binding

14   Supreme Court precedent. The Court finds no basis to overrule the R&R on this issue,

15   and Petitioner's Ground Four objection will be overruled.

16   **F. Ground Eight**

17   In Ground Eight, Petitioner alleges that his Fifth and Fourteenth Amendment

18   rights were violated by the State's withholding of medical reports concerning the minor

19   victims.  (Doc. 41-1 at 20-30.) Petitioner further alleges that, if not for the withholding of

20   the medical reports, the grand jury would not have indicted him and he would not have

21   pled guilty.  (*Id.* at 20, 26.) Petitioner also complains about the state courts' resolution of

22   his Arizona Rule of Criminal Procedure 32.12(f) motion for access to DNA, medical, and

23   forensic evidence/reports. (*Id.* at 22-23, 27-30.)

24   The R&R interprets Ground Eight as alleging that the state courts erred in ruling

25   on Petitioner's Rule 32.12(f) DNA motion, and finds that the claim is not cognizable on

26   federal habeas review because it merely asserts an error of state law. (Doc. 65 at 17-18.)

27   Petitioner objects to the R&R's conclusion that Claim Eight does not state a claim

28   cognizable on federal habeas review, and he appears to argue that the state courts violated

1    principles of "fundamental fairness." (Doc. 74 at 14.) To support his Objection, Petitioner

2    cites *District Attorney's Office for the Third Judicial District v. Osborne*—a case in

3    which the United States Supreme Court found that a state's post-conviction proceedings

4    were consistent with principles of fundamental fairness.  557 U.S. 52, 70 (2009).

5            To the extent that Ground Eight challenges the state courts' resolution of

6    Petitioner's Rule 32.12(f) DNA motion, nothing in *Osborne* or Petitioner's Objection

7    supports Petitioner's position that Ground Eight is cognizable on federal habeas review.

8    To the extent that Ground Eight alleges that the State withheld exculpatory evidence in

9    violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that claim fails based on this Court's

10   prior finding that the medical records at issue are not exculpatory. (*See* Doc. 71.)[5]

11   Petitioner's Ground Eight objection will be overruled.

12           **G. Ground Eleven**

13           In Ground Eleven, Petitioner alleges that the sentencing court's imposition of

14   sentencing enhancements, without a jury determination of enhancement factors, violated

15   his rights under the Sixth and Fourteenth Amendments. (Doc. 41-2 at 1-7.) The R&R

16   finds that Petitioner waived this claim by pleading guilty, and that the claim is factually

17   inaccurate. (Doc. 65 at 20-21.) Petitioner objects to the R&R's conclusion that Ground

18   Eleven is "factually inaccurate." (Doc. 74 at 15-16.) Petitioner contends that his plea

19   agreement did not state that he would be sentenced under A.R.S. § 13-705, nor was he

20   aware that he was pleading guilty to a Dangerous Crime Against Children ("DCAC")

21   offense. (Doc. 74 at 15-16.) Petitioner thus argues that the sentencing court erred by

22   sentencing him to a DCAC and by applying enhancement factors at his sentencing

23   hearing on April 3, 2014. (*Id.* at 16.)

24   _____

25   [5] Petitioner previously sought to expand the record to include the medical records at issue
     in Ground Eight, and he sought a stay and abeyance based on his filing of a fourth state
26   PCR proceeding related to the medical records. (Docs. 49.) This Court denied Petitioner's
     Motion to Expand the Record and Motion for Stay and Abeyance. (Doc. 71.) The Court
27   recognized that Petitioner alleges he would not have pled guilty if he had known of the
     medical records, and that his guilty plea does not preclude him from raising claims
28   attacking the voluntary and intelligent nature of that plea; however, the Court found that a
     stay and expansion of the record would be futile because the medical records are not
     exculpatory. (*Id.* at 6-7.)

1    The Court agrees with the R&R that this claim is belied by the terms of
2    Petitioner's plea agreement and the transcripts of Petitioner's change-of-plea and
3    sentencing hearings. Petitioner's plea agreement specified that Sanchez was pleading
4    guilty to violating A.R.S. § 13-1405 and A.R.S. § 13-705(B). (Doc. 51 at 18.) The
5    agreement specified the sentencing range for a first DCAC offense under § 13–705(B)
6    and stated that Sanchez would be sentenced to 25 years. (*Id*. at 19-20.) Furthermore,
7    Petitioner agreed as part of the plea that the trial court would find any aggravating or
8    mitigating facts for sentencing purposes. (*Id*. at 21-22.) As the factual basis of the plea,
9    Petitioner admitted that he had sexual intercourse with an 11-year-old victim and
10   attempted sexual intercourse with a 7-year-old victim. (*Id*. at 47-48.) The state trial court
11   reviewed the plea agreement with Petitioner, twice stating that he was pleading guilty to a
12   DCAC. (*Id*. at 53-54.) This Court finds no basis to overrule the R&R on this issue, and
13   Petitioner's Ground Eleven objection will be overruled.

14              **H. Ground Twelve**

15   In Ground Twelve, Petitioner alleges that trial counsel rendered ineffective
16   assistance by failing to adequately communicate the terms of his plea agreement to him.
17   (Doc. 41-2 at 8-16.) Petitioner raised this claim in his first PCR Petition (Doc. 52 at 19-
18   21) and in his petition for review of the denial of that Petition (Doc. 53 at 5-6). The
19   Arizona Court of Appeals rejected it because Petitioner failed to "identify what
20   information counsel could have provided him that would have prompted him to reject the
21   state's plea offer," and therefore failed to "demonstrate there was a reasonable probability
22   that he would have rejected the state's plea offer but for his counsel's conduct." (Doc. 54
23   at 59-60.)

24   The R&R finds that this claim is properly exhausted but rejects the claim on the
25   merits because the state courts reasonably found that Petitioner failed to demonstrate
26   prejudice under the two-part *Strickland* standard. (Doc. 65 at 21, 27-28.) In reaching this
27   conclusion, the R&R notes that Petitioner admitted his guilt at his change-of-plea hearing
28   and that he concedes he was aware that he would have faced a sentence of up to 200

years' imprisonment if convicted on charges that the State dismissed as part of his plea agreement. (*Id.* at 27-28.)

Petitioner objects, arguing that "his showing of prejudice [stemming from ineffective assistance of counsel] was in the unincorporated portions that the [Arizona Court of Appeals] found to not be permitted by rule." (Doc. 74 at 16.) In other words, Petitioner contests the state courts' application of a state procedural rule forbidding incorporation by reference. (*See* Doc. 84 at 13-14; Doc. 41-2 at 8-16.) However, to properly exhaustion a federal claim, a prisoner must present the claim to the state court in a procedurally appropriate manner. *Cf. Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004) (state courts are not required to "read beyond a petition or a brief"). The Court finds no basis to overrule the R&R on this issue, and Petitioner's Ground Twelve objection will be overruled.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 74) is **partially sustained and partially overruled**, as set forth above.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 65) is **partially rejected and partially accepted**, as set forth above.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus (Doc. 41) is **conditionally granted as to the *Anders* claim in Ground One, and otherwise denied**. Petitioner shall be released from custody unless, within **ninety (90) days** of this Order, Petitioner is permitted to file a new of-right Rule 33 PCR proceeding, including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders v. California*, 386 U.S. 738 (1967), and an independent review of the record by the court.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment conditionally granting the Amended Petition (Doc. 41) as to Ground One and close this case.

. . . .

1      **IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing

2  Section 2254 Cases, the Court declines to issue a certificate of appealability with respect

3  to its denial of relief on all other grounds of the Amended Petition, because reasonable

4  jurists would not find the Court's ruling on those grounds debatable. *See Slack v.*

5  *McDaniel*, 529 U.S. 473, 478, 484 (2000).

6      Dated this 29th day of March, 2021.

7

8

9

10                               _____

11                               Honorable Rosemary Márquez
                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28