**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Isidoro Sanchez,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-17-00224-TUC-RM<br><br>**ORDER** |

Pending before the Court is Respondents' Motion to Stay Judgment. (Doc. 92.) Petitioner filed a response (Doc. 93) and Respondents replied (Doc. 98). The Motion to Stay will be denied.

**I.  Background**

On March 30, 2021, the Court issued an Order partially sustaining and partially overruling Petitioner's Objection to Magistrate Judge D. Thomas Ferraro's Report and Recommendation ("R&R"), which the Court partially rejected and partially accepted. (Doc. 86.) The Court conditionally granted Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 41) as to the *Anders* claim in Ground One, and otherwise denied the Petition. (*Id*.) The Court then ordered Petitioner released from custody unless, within ninety (90) days, Petitioner was permitted to file a new of-right Rule 33 Post-Conviction Relief ("PCR") proceeding, including the filing of either a merits brief by counsel or a

substantive brief consistent with *Anders v. California*, 386 U.S. 738 (1967), and an independent review of the record by the court. (*Id.*) On April 9, 2021, Respondents filed a notice of appeal to the Ninth Circuit Court of Appeals. (Doc. 89.)

## II. Motion to Stay

Respondents seek a stay of the Court's March 30, 2021 Order pending resolution of their appeal of the Order to the Ninth Circuit Court of Appeals and, if necessary, the Supreme Court of the United States, pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A). (Doc. 92.) Respondents argue that (1) they are likely to succeed on the merits of their appeal; (2) the balance of hardships tips in their favor; (3) the State will suffer irreparable injury if a stay is not granted; and (4) the public interest favors a stay. (*Id.*) In response, Petitioner argues that Respondents are not likely to succeed on the merits of their appeal and the request for a stay should therefore be denied. (Doc. 93; *see also* Doc. 99.)[1]

## III. Applicable Law

Federal Rule of Appellate Procedure 8(a)(1)(A) provides that a party must first move in the district court for a stay of a judgment or order of a district court pending appeal.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id*. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*.

The test for whether a stay should be granted pending appeal of an order requires the Court to consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*.;

---

[1] The Court will grant Petitioner's Motion to Supplement Response. (Doc. 99.)

- 2 -

*see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The balance among the factors "may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Hilton*, 481 U.S. at 778 (discussing stay of release pending appeal in habeas corpus context).

In ruling on a motion for stay pending an appeal, courts employ "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *Golden Gate Rest. Ass'n v. City and Cty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury" if a stay is not granted. *Id*. (internal citation and quotation omitted). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id*. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id*. (citing *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007)). Further, courts "consider where the public interest lies separately from and in addition to" whether irreparable injury will result absent a stay. *Id*.

**IV. Analysis**

First, Respondents argue that they are likely to succeed on the merits of their appeal. (Doc. 92 at 2-6.) Respondents argue that the Court erred by rejecting the R&R's conclusion that Petitioner's *Anders* claim was procedurally defaulted because the Arizona Court of Appeals found all of Petitioner's claims, including his *Anders* claim, procedurally barred from review. (*Id*. at 2-3.) Respondents then argue that the Court also erred in determining that the Arizona Court of Appeals' reliance on *State v. Chavez*, 407 P.3d 85 (Ariz. App. 2017), was an unreasonable application of clearly established federal

law because, according to Respondents, the Court of Appeals properly concluded that an independent, fundamental-error review by the trial court is not required in of-right post-conviction proceedings in order to meet the constitutional requirements of *Anders*. (*Id.* at 3.) Respondents contend that the Court's conclusion that the State's procedures were not equivalent to *Anders* procedures and were therefore constitutionally deficient was in error because it failed to defer to the Arizona Court of Appeals' reasonable application of federal law as required by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). (*Id.* at 4-5.) Respondents argue that because the Supreme Court has not held that an independent, fundamental error review is constitutionally required when reviewing a pleading defendant's of-right appeal, the Arizona Court of Appeals' *Chavez* decision cannot be found to be contrary to or an unreasonable application of clearly established federal law. (*Id.* at 5-6.) Respondents maintain that there is no requirement that procedures for a pleading defendant like Sanchez be the same as those for a non-pleading defendant like the defendant in *Anders*. (*Id.* at 6.)

Next, Respondents argue that their interests in (1) the finality of convictions that have survived direct review in the state court system; (2) crime victims' entitlement to resolution of criminal cases without unreasonable delay; and (3) the resolution of a serious legal question with significant consequence would all be irreparably harmed by Petitioner's return to state court absent a stay pending resolution of Respondents' appeal. (Doc. 92 at 6-7.) Respondents further contend that the temporary postponement of Petitioner's filing of a new of-right post-conviction proceeding will not cause Petitioner significant hardship because his conviction and sentence remain undisturbed and he will therefore remain incarcerated until 2038 regardless. (*Id.*; Doc. 98.) Thus, Respondents contend that the balance of hardships tips in their favor. (*Id.*)

Lastly, Respondents argue that the public interest favors a stay. (*Id.* at 7.) Respondents contend that enforcing the Order during the pendency of appeal proceedings would harm the public interest, including the victim' interest, in the finality of criminal

1 convictions. (*Id.*) Respondents further contend that the principles of comity and federalism that underlie AEDPA would be served by a stay. (*Id.* at 7-8.)

Respondents have not satisfied their burden of showing that the circumstances present here justify an exercise of the Court's discretion to grant the requested stay. The Court's Order permits Petitioner to file a new of-right Rule 33 PCR proceeding consistent with *Anders* and to have that brief and the record independently reviewed by the state court. (Doc. 41.) If the stay is granted, then Petitioner will remain incarcerated until both the appellate process and the state court review conclude. If, as Respondents contend, there is no appealable issue in Petitioner's criminal proceedings, then no harm will accrue to Respondents by permitting Petitioner to file a new *Anders* brief during the pendency of the appeal. If, however, Petitioner prevails on appeal and on review of his *Anders* brief, then he will have been harmed by his unlawfully prolonged incarceration. The Court finds that the hardship posed by the possibility of Petitioner's unlawfully prolonged incarceration outweighs any hardship Respondents may sustain by allowing Petitioner to file his *Anders* brief and have it reviewed by the state court while the appeal is ongoing. Accordingly, the Court finds that the balance of hardships tips in Petitioner's favor.

The remaining factors do not shift the balance in favor of a stay. While Respondents have demonstrated "a substantial case on the merits" on appeal, *Hilton*, 481 U.S. at 778, they have not made a "strong showing" that they are likely to succeed on the merits. *Holder*, 556 U.S. at 433–34. Nor does the public interest justify granting a stay, as Petitioner will remain incarcerated unless and until the state court finds that his new *Anders* brief has merit. Considering the four factors for issuance of a stay, the Court finds that a stay is not warranted.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Supplement Response (Doc. 99) is **granted**.

. . . .

. . . .

- 5 -

**IT IS FURTHER ORDERED** that the Motion to Stay Judgment (Doc. 92) is **denied**.

Dated this 25th day of May, 2021.

_____
Honorable Rosemary Márquez
United States District Judge