**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Isidoro Sanchez,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-17-00224-TUC-RM<br><br>**ORDER** |

On March 30, 2021 this Court conditionally granted Petitioner's Amended Petition for Writ of Habeas Corpus with respect to the *Anders*[1] claim in Ground One. (Doc. 86.) The Court issued a conditional writ specifying that "Petitioner shall be released from custody unless, within ninety (90) days . . . Petitioner is permitted to file a new of-right Rule 33" post-conviction relief ("PCR") proceeding, "including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders v. California*, 386 U.S. 738 (1967), and an independent review of the record by the court." (*Id.* at 16.)

On July 29, 2021, Petitioner filed a pro se "Petition for Writ of Mandamus," seeking release from custody on the grounds that Respondents had not, within 90 days of the Court's Order, commenced any action permitting Petitioner to file a new of-right Rule 33 PCR proceeding. (Doc. 105.) In opposition to the Petition for Writ of Mandamus, Respondents averred that counsel representing Petitioner in a separate PCR proceeding had indicated her intent to file a PCR petition on Petitioner's behalf based on this Court's

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

Order, and that the Cochise County Superior Court had acknowledged that it would permit the new of-right petition once it was filed.  (Doc. 106.)  The Court denied the Petition for Writ of Mandamus, finding no basis for Petitioner's release.  (Doc. 107.)

On September 24, 2021, Petitioner filed, through counsel, a Motion to Convert Conditional Writ of Habeas Corpus to an Unconditional Writ.  (Doc. 108.)  Petitioner argues that Respondents indisputably failed to comply with this Court's Order within the timeframe allotted, and that this Court must accordingly convert the conditional writ into an unconditional writ and grant Petitioner's release.  (*Id.* at 1.)  Petitioner avers that the Court's 90-day deadline elapsed on June 28, 2021.  (*Id.* at 2.)  The following day, the Cochise County Attorney's Office filed an "Emergency Motion to Initiate Rule 33 Proceedings," which the Cochise County Superior Court granted on July 1, 2021.  (*Id.*)  Petitioner argues that the Cochise County Attorney Office filed the Emergency Motion to Initiate Rule 33 Proceedings one day late, and that modification of this Court's conditional writ is not warranted under the "excusable neglect" standard of Federal Rule of Civil Procedure 60(b)(1).  (*Id.* at 2-5.)

Respondents argue in opposition that they were not required to initiate Petitioner's new of-right Rule 33 post-conviction review proceeding but were merely ordered to permit Petitioner to file such a petition, and that they have done nothing to prevent or otherwise impede Petitioner's ability to do so.  (Doc. 109 at 1-2.)  Accordingly, Respondents argue that there is no basis for ordering Petitioner to be released.  (*Id.* at 3.)  Respondents further argue that, even if they must obtain a modification of this Court's conditional writ under Federal Rule of Civil Procedure 60(b)(1) to prevent Petitioner's release, they satisfy Rule 60(b)(1)'s excusable neglect standard.  (*Id.* at 3-4.)

In reply, Petitioner argues that the State "clearly thought it had to file the Emergency Motion in order to comply with this Court's order," that it did not file the Emergency Motion until after the 90-day deadline imposed by this Court, and that the State has provided no explanation for its neglect.  (Doc. 110.)

The Court agrees with Respondents that, under Arizona law, a defendant must

initiate a Rule 33 proceeding. *See* Ariz. R. Crim. P. 33.4(a). This Court's conditional writ required that Petitioner be "permitted to file a new of-right Rule 33" post-conviction review proceeding; the Court did not order Respondents to initiate such a proceeding on Petitioner's behalf. (Doc. 86 at 16.) There is no indication that Respondents have prevented or impeded Petitioner's ability to initiate a new of-right Rule 33 post-conviction review proceeding.[2]

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Convert Conditional Writ of Habeas Corpus to an Unconditional Writ (Doc. 108) is **denied**.

Dated this 21st day of October, 2021.

Honorable Rosemary Márquez
United States District Judge

---

[2] Even if the State had been required to file the Emergency Motion to Initiate Rule 33 Proceedings in order to comply with this Court's Order, the Court finds under all the circumstances that modification of its conditional writ to expand the 90-day deadline by one day is appropriate under the excusable neglect standard of Federal Rule of Civil Procedure 60(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The minimal delay was not prejudicial to Petitioner, nor is there any indication that Respondents have acted in bad faith.